# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| SIDNEY KEYS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:11CV518 CDP |
| | ) | |
| ST. LOUIS ORTHOPEDIC INSTITUTE, | ) ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon the motion of Sidney Keys for leave to commence this action without prepayment of the filing fee pursuant to 28 U.S.C. § 1915. Upon consideration of the financial information provided with the motion, the Court finds that plaintiff is financially unable to pay any portion of the filing fee. As a result, plaintiff will be granted leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. Additionally, the Court has reviewed the complaint and will dismiss it pursuant to 28 U.S.C. § 1915(e)(2)(B).

### 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune

from such relief. An action is frivolous if it "lacks an arguable basis in either law or fact." Neitzke v. Williams, 490 U.S. 319, 328 (1989); Denton v. Hernandez, 504 U.S. 25, 31 (1992). An action is malicious if it is undertaken for the purpose of harassing the named defendants and not for the purpose of vindicating a cognizable right. Spencer v. Rhodes, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), aff'd 826 F.2d 1059 (4th Cir. 1987). A complaint fails to state a claim if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).

**The Complaint**

Plaintiff brings this action against the St. Louis Orthopedic Institute for alleged medical mistreatment. Plaintiff alleges that Dr. Keith Odegard performed surgery on his shoulder in March 2010. Plaintiff says that Dr. Odegard told him he would recover within four months. Plaintiff claims that four months after the surgery he had shoulder pain, hand pain, head pain, and difficulty breathing vehicle exhaust and hand sanitizers. Plaintiff believes that Dr. Odegard did not actually perform the surgery that he should have, and plaintiff believes that his "human rights" have been violated.

The complaint does not state a basis for the Court's jurisdiction. The parties are not diverse. Thus, there must be a federal question for this Court to have jurisdiction over the complaint.

## Discussion

The Court will construe this action as one under 42 U.S.C. § 1983. The complaint fails to state a claim under § 1983, however, because defendant is not a state actor and because the allegations in the complaint do not rise to the level of a constitutional violation. 42 U.S.C. § 1983; <u>Estelle v. Gamble</u>, 429 U.S. 97, 106 (1976). As a result, the Court will dismiss this action under 28 U.S.C. § 1915(e).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint because the complaint is legally frivolous or fails to state a claim upon which relief can be granted, or both.

An appropriate Order of Dismissal shall accompany this Memorandum and Order.

Dated this 23rd day of March, 2011.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE